# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Villa, Villa Realty, Inc. dba Accion Mortgage, Patricia Villa and Acclaim Financial Services, Inc., <br><br> Plaintiffs, <br> vs. <br><br> Gretchen Hellar, William Hellar, Diane Hellar, Hellar Charitable Remainder Trust, Stephanie Ruiz, Michael Lusby, Collin Cook, American Contractors Indemnity Company and Does 1-7, <br><br> Defendants. | CASE NO. 10-CV-1885 MMA (WMc) <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On September 9, 2010, Plaintiff William Villa, proceeding *pro se*, filed the instant complaint alleging that Defendants Gretchen Hellar, William Hellar, Diane Hellar, Hellar Charitable Remainder Trust, Stephanie Ruiz, Michael Lusby, Collin Cook, and American Contractors Indemnity Company (collectively "Defendants"), violated the Racketeer Influenced and Corrupt Organizations Act. [Doc.1.] In addition to the filing of his complaint, Plaintiff has also submitted to the Court a petition for a temporary restraining order ("TRO"). Plaintiff seeks to enjoin Defendants from, inter alia, acting as a mortgage lender without a valid license and improperly attaching bonds that do not conform with bond requirements.

Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO without notice to the adverse party only where "specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1)(B). Moreover, it is this Court's practice to hear motions for temporary restraining orders *ex parte* only "in extraordinary circumstances." *Anello Civil Chamber Rule No. II*.

As a preliminary matter, Plaintiff has not satisfied the notice requirements set forth in Rule 65(b)(1)(B). Here, Plaintiff has not provided any facts to demonstrate the efforts he has made to give notice to the adverse party. Instead, Plaintiff asserts that because he will suffer irreparable injury, the Court should enter an injunction without notice to Defendant. Plaintiff has not supplied specific facts to clearly show that an immediate injury will result, nor has he provided reasons why notice should not be required. In sum, Plaintiff has not demonstrated to the Court's satisfaction why Plaintiff has not attempted to give notice to Defendants or explained why notice cannot be given.

Although the rules imposed are stringent, these restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974). Because Plaintiff has not identified to the Court's satisfaction the basis for asking the Court to forego notice to Defendant prior to granting injunctive relief, the Plaintiff's motion for a TRO is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 10, 2010

                                                                                                    *[signature]*

                                                                                                    Hon. Michael M. Anello
                                                                                                    United States District Judge