1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM VILLA; VILLA REALTY, INC. DBA ACCION MORTGAGE; PATRICIA VILLA; AND ACCLAIM FINANCIAL SERVICES, INC.,

Plaintiffs,

v.

GRETCHEN HELLER; WILLIAM HELLAR; DIANE HELLAR, HELLAR CHARITABLE REMAINDER TRUST; STEPHANIE RUIZ; MICHAEL LUSBY; COLLIN COOK; AMERICAN CONTRACTORS INDEMNITY COMPANY; AND DOES 1-7,

Defendants.

Civil No.    10cv1885-AJB(WMC)

**ORDER 1) GRANTING MOVING DEFENDANTS' MOTION TO DISMISS; 2) *SUA SPONTE* DISMISSING CERTAIN CLAIMS AGAINST DEFENDANTS MICHAEL LUSBY, GRETCHEN HELLAR, WILLIAM HELLAR; AND DIANE HELLAR, HELLAR CHARITABLE REMAINDER TRUST; 3) DENYING MOVING DEFENDANTS' MOTION FOR SANCTIONS; 4) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

**[Doc. Nos. 15, 31.]**

Plaintiffs William Villa; Villa Realty, Inc. dba Accion Mortgage; Patricia Villa; and Acclaim

Financial Services, Inc. ("AFSI") filed a complaint against Defendants Gretchen Heller; William Hellar;

Diane Hellar, Hellar Charitable Remainder Trust; Stephanie Ruiz; Michael Lusby;[1] Collin Cook; and

---

[1]Defendant Gretchen Hellar is representing herself and answered the complaint. (Dkt. No. 25.) Defendants William Hellar and Diane Hellar, Hellar Charitable Remainder Trust are represented by counsel and answered the complaint. (Dkt. No. 26.) Defendants Stephanie Ruiz and Michael Lusby have not answered.

1

American Contractors Indemnity Company ("ACIC") and Does 1-7.  Does 1-7 are identified as Defendants Lanak & Hanna, P.C.; Peter Carman; Adam Pessin; Randy Rinicella; William Whamond; Jeannie Kim; and Rajat Bhasin.  (Compl. ¶¶ 11, 13.)  On October 14, 2010, Defendants ACIC, Peter Carman, Adam Pessin, Randy Rinicella, William Whamond, Jeannie Kim, Rajat Bhasin, Cook, and Lanak & Hanna ("moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  On December 3, 2010, the moving Defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11.  On December 6, 2010, Plaintiffs filed a opposition to the motion to dismiss the complaint and the motion for sanctions.  On December 13, 2010, moving Defendants filed a reply.  On December 8, 2010, Plaintiffs filed an amended motion for default judgment against Defendant Michael Lusby.[2]  Lusby has not filed an opposition.

On March 14, 2011, the case was transferred to the undersigned judge.  On April 29, 2011, the Court held a status conference regarding the representation of Plaintiff parties.  At the hearing, Plaintiff agreed to submit a status report on representation issues.  At the motion hearing on June 3, 2011, Daniel Marshall, Esq. filed a request for substitution of attorney for all the Plaintiffs which the Court signed. (Dkt. Nos. 46, 47, 48, & 49.)

On June 3, 2011, the Court held a hearing on the parties' motions.  John Adams, Esq. appeared on behalf of William Hellar and Hellar Charitable Remainder Trust.  Mark Ortell appeared on behalf of the moving Defendants.  Daniel Marshall appeared on behalf of Plaintiffs.  Pursuant to the Court's request, on June 6, 2011, moving Defendants filed a a supplemental submission attaching a copy of the state court's dismissal filed by William R. and Gretchen Hellar Charitable Remainder Trust.

After a thorough review of the motions and supporting documentation and hearing oral argument, the Court GRANTS moving Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim; SUA SPONTE DISMISSES certain claims against Defendants Michael Lusby, William Heller, Gretchen Hellar and Diane Hellar, Hellar Charitable Remainder Trust for lack of subject matter jurisdiction; DENIES moving Defendants' motion for

---

[2]On June 3, 2011, the Court denied Plaintiffs' motion for default judgment against Lusby on the record for failure to provide proof of damages.

1  sanctions; and GRANTING moving Defendant's request for judicial notice.

2  **Factual Background**

3  Plaintiffs allege a Racketeer Influenced and Corrupt Organizations Act[3] ("RICO") claim against

4  numerous Defendants including the moving Defendants. Plaintiffs allege that nonmoving Defendants

5  Gretchen Heller, William Hellar, Diane Hellar, Hellar Charitable Remainder Trust (collectively, "the

6  Hellars") engaged in a scheme to illegally invest money into Plaintiffs' licensed mortgage firm and act

7  as unlicensed mortgage brokers and lenders. (Compl. ¶¶ 5, 6.) In addition, in their attempts to act as

8  unlicensed mortgage brokers and lenders, non-moving Defendants attempted to gain a controlling

9  interest in AFSI and achieved control when Defendant Hellar received money on October 13, 2009

10 without Plaintiffs' consent. (Id. ¶¶ 5-7.) Plaintiffs claim that there were RICO violations when William

11 and Gretchen Hellar also allegedly made false claims with the San Diego District Attorney and the San

12 Diego Sheriff alleging elder abuse and made false claims to mortgage regulators at the California

13 Department of Corporations and filed a case in state court without personally serving Plaintiffs. (Id. ¶

14 5.) As such, Plaintiffs claims their mortgage business has been harmed because of AFSI's ability to

15 attract and retain clients because of the false allegations made by Plaintiffs. (Id. ¶ 15.)

16 Plaintiffs allege that moving Defendants American Contractors Indemnity Company ("ACIC"),

17 Cook, Lanak & Hanna, Carman, Pessin, Rinicella, Whamond, Kim and Bhasin conspired and committed

18 fraud. (Compl. ¶ 13.) Plaintiffs claim that Defendants are engaged in a pattern of fraud that creates

19 fictitious financial losses in violation of the terms of the bonds and pass along the fictitious losses to the

20 principals of the bonds. (Id.) Specifically, Plaintiffs argue that ACIC improperly paid out the terms of

21 the bonds posted by AFSI to the Hellars. (Id.) Plaintiffs complain that the bonds can only be attached

22 under very specific circumstances which is by the State of California or by persons who made the loan

23 _____

24 [3]Plaintiffs' complaint is difficult to follow and understand. There are numerous conclusory legal
   conclusions without factual support. It appears that Plaintiffs allege a RICO against Defendants as the
25 RICO statute is cited throughout the Complaint. Moreover, the caption of the Complaint states,
   "Complaint for Violation of RICO Statutes." (Compl. at 1.) Plaintiffs also reference violations of state
26 Superior Court rules (id. ¶ 5(c)(iv)), "California law" (id. ¶ 5(c)(iv)); California Finance Lender laws
   (id. ¶¶6a; 7a); and California bonding laws (id. ¶ 13c). It appears Plaintiffs may be alleging violations
27 of these provisions under the RICO statute.

28

3

1   application at AFSI.  (Id. ¶ 14)  To carry out their scheme, the moving Defendants allegedly utilized the

2   United States Postal Service to mail the funds to the Hellars.  (Id.)  Plaintiffs also claim that, in essence,

3   ACIC's mailing the settlement funds to Cook made ACIC an unlicensed mortgage lender.  (Id.)

4   Therefore, moving Defendants have violated 18 U.S.C. § 1962(c), a provision under RICO.

5           Moving Defendants Cook and Lanak & Hanna were legal counsel to ACIC.  (Compl. ¶ 12a.)

6   Plaintiffs claim that Cook knew or should have known that AFSI's bond was not attachable from reading

7   the face of the bond and should not have sent the funds to the Hellars.  (Id.)  They allege that Cook was

8   a willing participant in mailing or wiring the funds to the Hellars.  (Id. ¶ 14.)  Cook violated § 1962(c)

9   when it illegally mailed funds to the Hellars since those funds were illegally obtained through a pattern

10  of unfair business practices, deceit and fraud.  (Id. ¶ 12.)  Plaintiffs also allege that Cook unlawfully

11  filed liens and levies against Plaintiff constituting an ongoing pattern of unfair business practices, deceit

12  and fraud in violation of 18 U.S.C. § 1962(d).  (Id.)  Cook and ACIC conspired with each other to

13  overbill and ignore the requirements under the bond.  (Id.)  In addition, Plaintiffs allege that Cook and

14  Lanak & Hanna overstated billable hours which in turn overcharged Plaintiffs for services[4] they never

15  received or ever contracted for.  (Id. ¶ 12d.)  In 2008, Plaintiffs assert that AFSI was unable to operate

16  due to the actions of Defendants which affected their ability to earn income.  (Id. ¶ 15b.)

17          Plaintiffs bring allegations against Lusby, who was the attorney for the Hellars, for filing a

18  lawsuit against Plaintiffs in state court on October 1, 2008.  (Id. ¶ 10.)  He allegedly violated § 1962(d)

19  for filing a state court case without serving a summons and complaint and when he received funds

20  mailed to him by Defendants Cook and Lanak & Hanna which, in turn, he wired or mailed to his client,

21  the Hellars.  (Id.)

22                                            **Discussion**

23  **I.      Legal Standard Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

24          Federal Rule of Civil Procedure 12(b)(1) allows a dismissal for "lack of subject matter

25  jurisdiction."  Fed. R. Civ. P. 12(b)(1).  A plaintiff has the burden to establish that subject matter

26  _____

27      [4]The Court assumes the legal charges by Cook, that Plaintiffs allege they were charged, were
    calculated and added to the default judgment filed against them in state court.

28                                                4

1    jurisdiction is proper.  Kokkonen v. Guardian Life Ins., Co., 511 U.S. 375, 377 (1994).

2           Under Rule 12(b)(1), a jurisdictional attack may either be "facial" or "factual."  White v. Lee,

3    227 F.3d 1213, 1242 (9th Cir. 2000).  When a defendant challenges jurisdiction "facially," all material

4    allegations in the complaint are assumed true, and the question for the court is whether the lack of

5    federal jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General

6    Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan Ass'n,

7    549 F.2d 884, 891 (3d Cir.1977).  In a factual attack, the "defendant disputes the truth of the allegations

8    that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373

9    F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, the "court may look beyond the complaint to

10   matters of public record without having to convert the motion into one for summary judgment."  White,

11   227 F.3d at 1242.  The court "need not presume the truthfulness of the plaintiff's allegations."  Id.  Once

12   the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or

13   other evidence properly brought before the court, the party opposing the motion must furnish affidavits

14   or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air

15   for Everyone, 373 F.3d at 1039 (quotation omitted).        A challenge for lack of subject matter

16   jurisdiction may be raised at any time by either party or sua sponte by the court.  Fleming v. Gordon &

17   Wong Law Group, P.C., 723 F. Supp. 2d 1219, 1222 (N.D. Cal. 2010) (citing Olson Farms, Inc. v.

18   Barbosa, 134 F.3d 933, 937 (9th Cir. 1998)).  Moving Defendants bring a factual challenge to subject

19   matter jurisdiction.

20           **A.      Rooker-Feldman Doctrine**

21           Moving Defendants argue that the Rooker-Feldman doctrine bars Plaintiffs' allegations against

22   them.  Without providing any argument, Plaintiffs state that recent cases have updated the doctrine.

23           The Rooker-Feldman[5] doctrine prevents the lower federal courts from exercising subject matter

24   jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court

25   _____

26           [5]The Rooker-Feldman doctrine arose from two Supreme Court cases: Rooker v. Fidelity Trust

27   Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

28                                                      5

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Rooker-Feldman is a narrow doctrine and only applies in "limited circumstances." Lance v. Dennis, 546 U.S. 459, 464, 466 (2006) (citing Exxon Mobil, 544 U.S. at 291); Skinner v. Switzer, 131 S. Ct. 1290, 1297 (March 7, 2011). District courts are courts of original, not appellate jurisdiction and Congress empowered only the United States Supreme Court to exercise appellate authority to modify or reverse a state court judgment. Rooker, 263 U.S. at 416.

The Ninth Circuit has held that Rooker-Feldman may be applicable when the parties do not directly contest the merits of a state court decision and the claims are a *de facto* appeal. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). A *de facto* appeal occurs when "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. (quoting Bianchi v. Rylarrsdam, 334 F.3d 895, 898 (9th Cir. 2003)).

Under California law, a "dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." Boeken v. Philip Morris, USA, Inc., 48 Cal. 4th 788, 809 (2010) (for purposes of *res judicata*); Adler v. Vaicius, 21 Cal. App. 4th 1770, 1776 (1993) ("A voluntary dismissal with prejudice is a final determination on the merits."); Torrey Pines Bank v. Superior Court, 216 Cal. App. 3th 813, 819 (1989). Furthermore, a dismissal with prejudice following a settlement constitutes a final judgment on the merits. In re Estate of Redfield, 193 Cal. App. 4th 1526 (April 5, 2011) (for purposes of *res judicata*). A settlement agreement may constitute a state-court judgment for purposes of the Rooker-Feldman doctrine. See Sherrard v. Panazuelos, 2011 WL 1131523 at 2 (C.D. Cal. 2011); Wittich v. Wittich, 2006 WL 3437407 at 3 (E.D.N.Y. 2006) ("for purposes of Rooker–Feldman, because plaintiff now seeks to overturn the settlement, alleging that the Settlement Agreement violated his rights, the Court deems plaintiff a losing party in a state court action"); Green v. City of New York, 438 F. Supp. 2d 111, 119 (E.D.N.Y. 2006) ("[C]ourts have treated settlement agreements as final judgments for purposes of the Rooker-Feldman doctrine."); Allianz Ins. Co. v.

6

1  Cavagnuolo, 2004 WL 1048243 at 6 (S.D.N.Y. 2004) (settlement agreement may constitute a final

2  judgment under Rooker-Feldman).

3        Defendants' request for judicial notice[6] contain the filings from the state court case referenced

4  in the complaint. (Dkt. No. 15-2.)  On October 1, 2008, Plaintiffs William R. and Gretchen Hellar

5  Charitable Remainder Unitrust brought a state court action against Stephanie Ruiz, William Villa,

6  Acclaim and ACIC for eight causes of action relating to the alleged fraud committed on Plaintiffs. (Ds'

7  Request for Judicial Notice, Ex. 1.)  In that complaint, Plaintiffs contend that Villa and his companies,

8  including Ruiz, defrauded Plaintiffs of $21,450.  (Id.)  Plaintiffs intended to purchase a loan from

9  Acclaim through Ruiz, who was alleged to be doing business as Acclaim.  (Id. ¶ 4.)  Plaintiffs sent

10  $21,450, by wire, to Ruiz for the purchase of a loan. (Id. ¶ 18.)  Ruiz absconded with the funds without

11  completing the loan documentation. (Id. ¶ 19.)  When Plaintiffs demanded return of the funds, William

12  Villa promised the return of the money. (Id. ¶ 20.)  However, payment was never made. (Id. ¶ 27.)

13        In the state court action, as to ACIC, the remaining claim was the foreclosure on a surety bond

14  issued on behalf of Acclaim Financial Services. (Id., Ex. 5 ¶ 5.)  On October 13, 2009, ACIC settled

15  the foreclosure claim with Plaintiffs William R. and Gretchen Hellar Charitable Remainder Unitrust in

16  the amount of $23,000. (Id., Ex. 5 ¶ 9.)  In consideration of the settlement, William Hellar and Gretchen

17  Hellar Charitable Remainder Trust released ACIC and assigned all of their claims against Defendants

18  to ACIC. (Id. ¶ 10.)  A Request for Dismissal of the Complaint against all Defendants with prejudice

19  was filed. (Id.)  A check was sent from ACIC's counsel, Collin Cook, to Michael Lusby, attorneys for

20

21        [6]Moving Defendants filed a request for judicial notice as to pleadings and documents filed in the
state court action. (Dkt. No. 15-2.)  The Court may take judicial notice of facts that are "not subject to
22  reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court
or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot
23  reasonably be questioned." Fed. R. Evid. 201(b).  Plaintiff objects to the request for judicial notice
assuming that Defendants "must be disputing service of summons in the California case was fraudulent,"
24  and since factual disputes exist as to service, the court should not grant the request for judicial notice.
(Pl's Opp. To Request for Judicial Notice at 2.)
25        The Court notes that Defendants are not disputing the service of summons in the California case
but are requesting judicial notice of documents to support of their arguments that the court lacks subject
26  matter jurisdiction of this case under Rooker-Feldman.  A court may take judicial notice of court filings
and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.
27  6 (9th Cir. 2006).  Accordingly, the Court GRANTS moving Defendants' request for judicial notice.

28                                                 7

1  the Hellars in the amount of $23,000.  (Id., Ex. 6 at 61-62.)

2      On March 19, 2009, ACIC made a demand on Acclaim to indemnify ACIC pursuant to an

3  indemnity agreement signed when the bond was issued.  (Id., Ex. 8 ¶ 9.)  When Acclaim failed to

4  indemnify ACIC, on January 29, 2010, ACIC filed a cross-complaint against Acclaim, William Villa

5  and Patricia Villa for breach of contract, indemnity and declaratory relief.  (Id., Ex. 6.)  The cross-

6  complaint defendants William and Patricia Villa and Acclaim did not respond so default was entered

7  against them (Id., Ex. 7.)  Subsequently, on June 18, 2010, the superior court entered default judgment

8  on ACIC's cross-complaint against Acclaim, William Villa and Patricia Villa in the amount of

9  $36,050.33.  (Id., Ex. 10.)  In the state court action, ACIC was represented by Collin Cook and Lanak

10 & Hanna who are now defendants in the instant case.  The Hellars were represented by Michael Lusby,

11 who is also a defendant in this case.

12      Moving Defendants argue that the Rooker-Feldman doctrine applies to bar jurisdiction by this

13 Court because the complaint is a collateral attack on a the judgment in the state court action.

14 Specifically, Defendants point to the allegation that Defendant Lusby did not properly serve Plaintiffs

15 William and Patricia Villa with a complaint and summons in the state court action.  (Compl. ¶ 10.)  The

16 Court also notes that Plaintiffs' primary allegation in the Complaint is that all Defendants, in some

17 capacity, were involved in the illegal transfer of funds between ACIC and the Hellars.

18      The Court first looks to determine whether there was a state court judgment for purposes of

19 Rooker-Feldman.  On October 13, 2009, ACIC settled the state court against it with William R. and

20 Gretchen Hellar Charitable Remainder Unitrust in the amount of $23,000.  (Ds' Request for Judicial

21 Notice, Ex. 5 ¶ 9.)  In consideration of the settlement, William Hellar and Gretchen Hellar Charitable

22 Remainder Trust released ACIC and assigned all of its claims against Defendants to ACIC.  (Id. ¶ 10.)

23 The Hellars filed a Request for Dismissal of the Complaint against all Defendants with prejudice.  (Id.;

24 Ds' Suppl. Submission filed on 6/6/11, attached.)  The underlying cross-complaint by ACIC against the

25 Villas was still proceeding.

26      Under California law, a dismissal with prejudice is equivalent to a final judgment on the merits.

27 See Boeken, 48 Cal. 4th at 809.  In addition, a dismissal with prejudice subject to a settlement agreement

28                                                8

1   may also be considered a final judgment for purposes of the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Sherrard</u>,

2   2011 WL 1131523 at 2; <u>Wittich</u>, 2006 WL 3437407 at 3. Here, in the state court case, under the terms

3   of the settlement with ACIC, Plaintiffs, the Hellars, dismissed their case against all Defendants,

4   including the Villas with prejudice. Therefore, there was a state court judgment for purposes of <u>Rooker-</u>

5   <u>Feldman</u>.

6        In the Complaint, Plaintiffs present allegations against all Defendants and their involvement in

7   the allegedly fraudulently transfer of funds between ACIC and the Hellars. According to the Complaint,

8   Plaintiffs state that non-moving Defendants attempted to gain a controlling interest in AFSI and

9   achieved control when he received money on October 13, 2009. (Compl. ¶¶ 5-7.) The money Plaintiffs

10  reference in the Complaint is the settlement funds paid by ACIC to the Hellars.[7] Plaintiffs state that

11  ACIC[8] improperly paid out the terms of the bond posted by AFSI to the Hellars. (<u>Id.</u> ¶ 13.) The moving

12  Defendants utilized the U.S. Postal Service to mail the funds to the Hellar Defendants. (<u>Id.</u> ¶ 14.)

13  ACIC's mailing of the settlement funds to its attorney, Cook, made ACIC an unlicensed mortgage

14  lender. (<u>Id.</u>) Plaintiffs claim that Cook and Lanak & Hanna should not have used the United States

15  Postal Service to mail the settlement funds to Hellars' attorney, Michael Lusby. (<u>Id.</u> ¶ 12.)

16  Furthermore, they claim that those funds were illegally obtained through a pattern of unfair business

17  practices. (<u>Id.</u> ¶ 12.)

18       In essence, Plaintiffs are challenging the terms of the settlement agreement which was executed

19  in connection with the state court proceeding. Plaintiffs are arguing that the transfer of funds, which

20  is in the payment of settlement funds made pursuant to a settlement agreement, was fraudulent. This

21  Court's adjudication of Plaintiffs' allegations as to the propriety of the settlement agreement would

22  unravel the dismissal and undercut the state court decision accepting the voluntary dismissal with

23

24       [7]October 13, 2009 is the date on the settlement check from ACIC to the Hellars. (Ds' Request
     for Judicial Notice, Ex. 8 at 86.)

25

26       [8] Plaintiffs also claim that ACIC and the officer/directors of ACIC are involved in a pattern of
     fraud that creates fictitious financial losses in violation of the bond and pass the fictitious losses to the

27   principals of the bond. (<u>Id.</u> ¶ 13.) As discussed later in footnote 10, this claim is not relevant to
     Plaintiffs' claim as they were not party to any proceedings before the Insurance Commissioner.

28                                                  9

prejudice.  See Reusser, 525 F.3d at 859.  Therefore, the Court lacks subject matter jurisdiction to adjudicate any claims that the transfer of funds pursuant to the settlement agreement was fraudulent.

As to Defendant Lusby, Plaintiffs claim that Lusby filed a case on behalf of the Hellars against AFSI and William and Patricia Villa without properly serving a summons and complaint by misrepresenting to the court that he was not able to locate Plaintiffs.  (Compl. ¶ 10.)  In addition, Plaintiffs argue that Lusby violated RICO and the California Finance Lender Law when he received funds from Cook and Lank & Hanna and then he wired or mailed the funds to the Hellars.  (Id. ¶ 11.) They also allege that he conspired with the other Defendants to extort payments from Plaintiffs.  (Id.)

Plaintiffs' allegations against Lusby concerning the receipt of funds and extorting payments relate to the settlement agreement which was executed in connection with the state court proceeding and barred by Rooker-Feldman.  As to the allegations of improper service by Lusby, the Court also concludes that this issue is intricately intertwined with the state court's decision.  Any determination regarding whether there was proper service of the complaint by the Hellars would require this Court to possibly undercut the state court judgment and/or interpret the application of state law.  See id. Therefore, the Court lacks subject matter jurisdiction to determine whether Defendant Lusby properly served the Villas in the state court action.

As to Cook and Lanak & Hanna, Plaintiffs argue that they should have known that the bond was not attachable and should not sent the funds to the Hellars.  (Compl. ¶ 12.)  In addition, Cook and Lanak & Hanna earned fees that were overbilled and charged to the Plaintiffs.  (Id.)  The cross-complaint in state court, which was properly served, resulted in a default judgment against Defendants Villa and Acclaim for failure to respond to the cross-complaint.  Cook represented ACIC in state court and it appears Plaintiffs  are challenging the amount of the settlement agreement which probably included legal fees. Plaintiffs also allege that Cook unlawfully filed liens and levies against Plaintiffs constituting a pattern of unfair business practices, deceit and fraud.  (Id.)  It appears the liens Plaintiffs reference is the default judgment entered against them in the cross-complaint in the state court action.  Plaintiffs' claims against Defendant Cook and Lanak & Hanna are either a direct or *de facto* challenge to the state court judgment.  Therefore, the Court lacks subject matter jurisdiction as to the claims against Cook and

Lanak & Hanna.

Accordingly, the Court GRANTS moving Defendants' motion to dismiss for lack of subject matter jurisdiction under Rooker-Feldman. As the claims in the complaint against Defendant Lusby for the receipt and transfer of funds to the Hellars and any service of process issues in state court, the Court *sua sponte* DISMISSES those claims for lack of subject matter jurisdiction under Rooker-Feldman. See Olson Farms, Inc., 134 F.3d at 937 (a challenge for lack of subject matter jurisdiction may be raised at any time by either party or *sua sponte* by the court). In addition, the Court also *sua sponte* DISMISSES claims against Defendants Gretchen Hellar, William Hellar, and Diane Hellar, Hellar Charitable Remainder Trust for the receipt of settlement funds and any service of process issues in state court for lack of subject matter jurisdiction under Rooker-Feldman.

Alternatively, if the Court has subject matter jurisdiction, the Court looks at whether Plaintiffs have stated a RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b).

## II.     Legal Standard Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the

11

1  complaint, and draws all reasonable inferences in favor of the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d

2  949, 956 (9th Cir. 2009).

3       However, because Plaintiff is proceeding *pro se*, his complaint "must be held to less stringent

4  standards than formal pleadings drafted by lawyers" and must be "liberally construed."  Erickson v.

5  Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing *pro se* complaints post-

6  Twombly).  The Ninth Circuit has concluded that the court's treatment of *pro se* filings after Twombly

7  and Iqbal remained the same and *pro se* pleadings must continue to be liberally construed.  Hebbe v.

8  Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also McGowan v. Hulick, 612 F.3d 636, 640-42 (7th Cir.

9  2010); Bustos v. Martini Club Inc., 599 F.3d 458, 461-62 (5th Cir. 2010); Harris v. Mills, 572 F.3d 66,

10  71-72 (2d Cir. 2009) (noting that even following Twombly and Iqbal, "we remain obligated to construe

11  a pro se complaint liberally").[9]

12       **A.      Racketeer Influenced and Corrupt Organizations Act Claim**

13       Plaintiffs allege a RICO claim against moving Defendants under 18 U.S.C. § 1962(c) and

14  conspiracy to commit RICO under § 1962(d).  The Court first looks to whether there was a RICO

15  violation pursuant to 18 U.S.C. § 1962(c).  See Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir.

16  2007).

17       18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed by or

18  associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

19  commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

20  through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  A prima

21  facie case for RICO under § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4)

22

23       [9]When a district court considers evidence outside the pleadings in a motion to dismiss, the
    motion must typically be converted into a rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d).
24  However, a court may consider documents attached to the complaint, documents incorporated by
    reference in the complaint or matters of judicial notice without converting a motion to dismiss into a
25  motion for summary judgment.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Plaintiffs
    have attached 80 pages of "evidence" in support of their complaint.  Plaintiffs' evidence falls outside
26  the exception under Ritchie.  However, the Court declines to consider the documents attached to the
    Complaint and thus does not convert Defendants' motion to dismiss into a motion for summary
27  judgment.

28                                                    12

of racketeering activity." <u>Sedima, S.P. R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985). Plaintiff must also show harm of a specific business or property interest by the racketeering conduct. <u>Id.</u>; <u>Diaz v. Gates</u>, 420 F.3d 897, 900 (9th Cir. 2005). "Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code, including the predicate acts alleged by plaintiffs in this case: mail fraud (18 U.S.C. § 1341), and wire fraud (18 U.S.C. § 1343).[10] <u>See</u> 18 U.S.C. § 1961(1).

### 1.   Enterprise and Person

First, Defendants argue that Plaintiffs have not alleged a RICO "enterprise." If ACIC were alleged to be an enterprise, they argue that a corporate defendant, ACIC, cannot be a person and an enterprise under § 1962(c).

"[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 161 (2001). The statute defines "enterprise" to include a corporation. 18 U.S.C. § 1961(4). A "corporate owner or employee is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." <u>Cedric Kushner Promotions, Ltd</u>, 533 U.S. at 163. The United States Supreme Court held that the President and sole shareholder of corporation was a "person" distinct from the "enterprise" and satisfied the RICO requirement of two distinct entities. <u>Id.</u> at 166.

Here, in construing the complaint in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have alleged two distinct entities: ACIC, a corporation as the "enterprise" and Carman, Pessin, Rinicella, Whamond, Kim and Bhasin, the corporate officers and/or directors of ACIC, as "persons." Therefore, Plaintiffs have properly pled two distinct entities under 18 U.S.C. § 1962(c).

### 2.   Allegations of Fraud Pursuant to Federal Rule of Civil Procedure 9(b)

For mail and wire fraud, a plaintiff must allege (1) formation of a scheme to defraud, (2) use of the United States mail or wire in furtherance of the scheme to defraud, and (3) specific intent to deceive

---

[10]In construing the complaint in light most favorable to Plaintiff, it appears that Plaintiffs are alleging mail and wire fraud as the predicate acts as he uses the words "mail" and "wire" in the Complaint.

13

or defraud.  Schreiber Distrib. Co. v Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399-1400 (9th Cir. 1986).  For predicate acts involving fraud, a plaintiff must plead the facts with the particularity required by Federal Rule of Civil Procedure 9(b).  Edwards v. Marin Park. Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).  Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Rule 9(b) applies to civil RICO claims. Edwards, 356 F.3d at 1065-66. "Allegations of mail fraud under section 1962(a)-1962(c) 'must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'" Schreiber Distrib. Co., 806 F.2d at 1401 (quoting Lewis v. Sporck, 612 F. Supp. 1316, 1325 (N.D. Cal.1985)).

According to the Complaint, Defendants Cook and Lanak & Hanna "wired or mailed [funds] to Gretchen Hellar, William Hellar and Hellar Charitable Remainder Trust." (Compl. ¶ 11.)  As to ACIC, the Complaint states that "Defendants . . utilize the United States Postal Service to mail funds to the other defendants . . . in violation of California Finance Lender Law as the bond posted by AFSI can only be attached under very specific circumstances."  (Id. ¶ 13a.)

Plaintiffs have not alleged the facts surrounding the mail and/or wire fraud allegations with particularity.  See Fed. R. Civ. P. 9(b).  Plaintiffs have not identified the time and place of each fraud plus the role of each defendant in each scheme.  Accordingly, the Court GRANTS moving Defendants' motion to dismiss the RICO claims based on the predicate acts of mail and wire fraud for failure to comply with  Federal Rule of Civil Procedure 9(b).

### 3.    Pattern of Racketeering Activity

Moving Defendants also argue that Plaintiffs have failed to allege any "pattern of racketeering" or any threat of continued criminal activity.  They contend that Plaintiffs only present claims about completed activities such as the filing of a state court pleading and being subject to a default judgment.

A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(4).  The United States Supreme Court in H.J., Inc. v Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989), defined the term "pattern" in the RICO statute as "showing of a relationship between the predicates" and of "the

1   threat of continuing activity." 492 U.S. 229, 239 (1989) (citing to Legislative History, S. Rep. No. 91-

2   617 at 158 (1969). "It is this factor of *continuity plus relationship* which combines to produce a

3   pattern." Id. (citation omitted). As to continuity, a plaintiff . . . must prove continuity of racketeering

4   activity, or its threat." Id. at 241. Continuity applies to "a closed period of repeated conduct or to past

5   conduct that by its nature projects into the future with a threat of repetition." Id. at 241. A plaintiff may

6   show continuity over a closed period by "proving a series of related predicates extending over a

7   substantial period of time. Predicate acts extending over a few weeks or months and threatening no

8   future criminal conduct do not satisfy this requirement." Id. at 242.

9        The Complaint does not allege a threat of continued criminal activity as to the Moving

10  Defendants. Plaintiffs allege that Defendant ACIC, as surety, improperly paid out a bond pursuant to

11  the terms of a settlement agreement in state court to the Hellars. They also claim that Defendant Cook

12  failed to inform ACIC that the bond should not have been paid out based on the terms of the bond.

13  These alleged acts already occurred and there is no threat of repetition.[11] Accordingly, Plaintiffs have

14  failed to allege a "pattern of racketeering" against moving Defendants.

15       Based on the above, the Court GRANTS Defendants ACIC; Pessin; Carman, Whamond,

16  Rinicella; Kim; Bhasin; Cook and Lanak & Hanna's motion to dismiss the complaint pursuant to Federal

17  Rule of Civil Procedure 12(b)(6) as to the RICO claim.

18       **B.   Conspiracy to Commit RICO**

19       Plaintiffs also present a claim of conspiracy to commit RICO as to moving Defendants pursuant

20  to 18 U.S.C. § 1962(d). Plaintiffs' RICO conspiracy claim relies on the underlying RICO claim. Since

21  the Court has determined that Plaintiffs have failed to allege a RICO cause of action, the RICO

22  conspiracy claim necessarily fails. See Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007)

23  (survival of claim under § 1962(c) (RICO claim) will ensure the survival of claim under § 1962(d)

24

25        [11]Plaintiffs improperly allege that ACIC is and continues to conduct unfair insurance practices
    by paying out on bonds and then suing the principal in state court. Plaintiffs refer to proceedings against
26  ACIC before the Insurance Commissioner in 2007. (Ds' Reply at 6.) However, any proceedings before
    the insurance commissioner in 2007 for unfair insurance practices has no relevance to Plaintiffs' claim
27  since Plaintiffs have now shown they were a party to any proceedings in 2007.

28                                              15

(RICO conspiracy claim)); Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO").  Accordingly, the Court GRANTS Defendants' motion to dismiss for failure to state a claim as to the RICO conspiracy claim under 18 U.S.C. § 1962(d).

Because the Court GRANTS moving Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, the Court need not address whether the Noerr-Pennington doctrine, the anti-SLAPP statute and the litigation privilege bar Plaintiffs' claims.

## III.   Defendants' Motion for Sanctions

Moving Defendants filed a motion to sanctions against Plaintiffs for the improper filing of the Complaint.  Plaintiffs argue that their Complaint state grounds for relief under RICO.  They claim that their property was taken based upon a fraud on a California court.

Rule 11 states, in pertinent part, that when an attorney or an unrepresented party presents a signed paper to a court, that person is certifying that to the best of his or her "knowledge information, and belief, formed after an inquiry reasonable under the circumstances. . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b).

The Ninth Circuit has provided a standard to determine the kind of conduct or neglect that may trigger sanctions under Rule 11.  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986), abrogated on other grounds by, Cooter & Gell v. Hartmarx, Corp., 496 U.S. 384 (1990).  Rule 11 requires the imposition of sanctions where an attorney or unrepresented party has signed pleadings that are frivolous or without merit or has filed a pleading for an improper purpose.  Id. at 830-32.  Rule 11 is governed by an objective standard of reasonableness.  Id. at 830.  "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'"  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

Rule 11 sanctions must be assessed if the papers filed with the court is "frivolous, legally

unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar, 780 F.2d at 831. The second factor of "improper purpose" requires a determination whether the pleading was filed to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Id.

Pro se litigants, like represented parties and attorneys are subject to Rule 11 sanctions. Fed. R. Civ. P. 11(b). Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 892 F.2d 802, 811 (9th Cir. 1989). However, the Court must take into account a plaintiff's pro se status when determining whether to impose sanctions because what is objectively reasonable for a pro se litigant and for an attorney may not be the same. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). A court can consider Plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions. Id. at 1390. A court's "discretion acknowledges that (1) what is objectively reasonable for a pro se litigant and for an attorney may not be the same, and (2) the pro se status of a violator may be relevant to the court's discretionary choice of the appropriate sanction in a given case." Bus. Guides, Inc., 892 F.2d at 811.

Here, Defendants seek sanctions against Plaintiffs arguing that the complaint was filed for harassment and done in bad faith because Plaintiffs sued not only ACIC but most of its officers, directors and attorneys, most of whom had no knowledge of or participation in any of the allegations. They argue that because of the defenses raised in the motion to dismiss, Plaintiffs should have voluntarily dismissed their complaint. Plaintiffs argue that they named the officers because they are the decision makers for ACIC and Plaintiffs have evidence that these officers violated RICO by fraudulently obtaining Plaintiffs' property.

Directors and officers of a corporation may be liable for tortious conduct if they order, authorize or participate in tortious conduct. Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 785 (1979). Therefore, the fact that Plaintiffs named certain directors and officers of ACIC as defendants is not harassment or indicative of bad faith. Plaintiffs continue to assert that their claims are not frivolous, and have evidence to support their claims. Defendants have failed to demonstrate that sanctions are warranted in this case. Accordingly, the Court DENIES moving Defendants' motion for sanctions.

/ / / /

17

**Conclusion**

Based on the above, the Court ORDERS the following:

1)   The Court **GRANTS** moving Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)6).  The Court *sua sponte* **DISMISSES** Plaintiffs' claims regarding the receipt of settlement funds and any issues related to service of process in state court as to Defendants William Hellar, Gretchen Hellar and Diane Hellar, Hellar Charitable Remainder Trust for lack of subject matter jurisdiction.  The remaining claim against the Hellars is a RICO violation when William and Gretchen Hellar allegedly made false claims with the San Diego District Attorney and the San Diego Sheriff alleging elder abuse and made false claims to mortgage regulators at the California Department of Corporations.  (Compl. ¶¶ 5(c)(ii); 6(c)(ii).)  The Court also *sua sponte* **DISMISSES** Plaintiffs' claims regarding the receipt and transfer of settlement funds and any issues related to service of process in state court as to Defendant Lusby for lack of subject matter jurisdiction.  The remaining claim against Lusby is a RICO violation when he materially assisted the Hellars in preparing and filing false, misleading and untrue claims with the San Diego District Attorney, the San Diego Sheriff and the California Department of Corporations.  (Compl. ¶10.)

2)   The Court **DENIES** moving Defendants' motion for sanctions.

3)   The Court **GRANTS** moving Defendants' request for judicial notice.

4)   The Court **GRANTS** Plaintiffs leave to amend the complaint.  Plaintiffs may file an amended complaint no later than 20 days from the date the order is filed.  If not, the case will proceed with the remaining claims and parties.

IT IS SO ORDERED.


DATED:  June 7, 2011

Hon. Anthony J. Battaglia
U.S. District Judge