1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10
11   WILLIAM VILLA; VILLA REALTY, INC.   )   Civil No. 10cv1885 AJB (WMC)
     d.b.a., ACCION MORTGAGE; PATRICIA   )
     VILLA; and ACCLAIM FINANCIAL        )   ORDER GRANTING PLAINTIFF'S
12   SERVICES, INC.,                     )   MOTION TO SUBSTITUTE
                                         )   DEFENDANT MICHAEL LUSBY
13                        Plaintiff,     )
                                         )
     v.                                  )   (Doc. No. 105)
14                                       )
     GRETCHEN HELLER; WILILAM            )
15   HELLAR; DIANE HELLAR; HELLAR        )
     CHARITABLE REMAINDER TRUST;         )
16   STEPHANIE RUIZ; MICHAEL LUSBY;      )
     COLLIN COOK; AMERICAN               )
17   CONTRACTORS INDEMNITY               )
     COMPANY; AND DOES 1-7,              )
18                                       )
                        Defendants.      )
19   _____ )

20          Presently before the Court is Plaintiff William Heller's ("Plaintiff") motion to substitute Michael

21   Lusby, son of deceased Defendant Michael Lusby, as the sole remaining Defendant in this case.  (Doc.

22   No. 105.)  The Court issued a scheduling order instructing Defendants to file an opposition to the

23   motion no later than November 19, 2012.  (Doc. No. 107.)  As of the date of this order, Defendants have

24   failed to file an opposition.  Accordingly, pursuant to Civil Local Rule 7.1.d.1, the Court finds this

25   motion suitable for determination on the papers and without oral argument.  For the reasons set forth

26   below, the Court **GRANTS** Plaintiff's motion to substitute Defendant Michael Lusby, for his son,

27   Michael Lusby.  (Doc. No. 105.)  The Clerk of Court is instructed to make the above noted changes to

28   the Docket.

                                              1

***BACKGROUND***

**I.    Factual Background[1]**

This action was originally filed on September 9, 2010, by Plaintiffs William Villa; Villa Realty, Inc., dba Accion Mortgage; Patricia Villa; and Acclaim Financial Services, Inc. ("AFSI") (collectively, "Plaitniffs"), against Defendants Gretchen Heller; William Hellar; Diane Hellar, Hellar Charitable Remainder Trust; Stephanie Ruiz; Michael Lusby; Collin Cook; American Contractors Indemnity Company ("ACIC"); and Does 1 through 7 (collectively, "Defendants").  (Doc. No. 1)  Does 1 through 7 were identified as Defendants Lanak & Hanna, P.C.; Peter Carman; Adam Pessin; Randy Rinicella; William Whamond; Jeannie Kim; and Rajat Bhasin.  (Compl. ¶¶ 11, 13.)  On June 7, 2011, the Court granted Defendants Cook, ACIC, Peter Carman, Adam Pessin, Randy Rinicella, William Whamond, Jeannie Kim, Rajat Bhasin, and Lanak & Hanna's motion to dismiss; *sua sponte* dismissed certain claims against Defendants Michael Lusby, Gretchen Hellar, William Hellar; and Diane Hellar Hellar Charitable Remainder Trust; and denied moving Defendants' motion for sanctions.  (Doc. No. 52.)  On August 7, 2012, the Court granted Defendant William Hellar's motion for summary judgment as to the remaining RICO claim, (Doc. No. 95), and on August 24, 2012, the Court granted the parties joint motion for voluntary dismissal with prejudice as to Defendants Gretchen Hellar, Diana Hellar, Hellar Charitable Remainder Trust and Stephanie Ruiz. (Doc. No. 98.)

The sole remaining defendant in this case is Defendant Michael Lusby ("Lusby").  Lusby was served with the summons and complaint but did not answer.  Clerk's Entry of Default was entered against Lusby on November 2, 2010, (Doc. No. 24).  However Plaintiff William Villa did not file a motion for default judgment against Lusby until October 16, 2011, over a year later.[2]  (Doc. No. 68.)  On December 2, 2011, the Court denied Plaintiff Villa's motion for default judgment, without prejudice, finding the motion better suited until after the claims against the remaining defendants had been

---

[1] Although the factual and procedural background of this case has been discussed by the Court in previous orders, the Court reiterates pertinent background information here for the sake of clarity and completeness.

[2] Local Civ. R. 55.1 requires that the plaintiff move for default judgment within 30 days of the entry of default. Here, Plaintiff did not file a motion for default judgment until almost a year later. However, the Clerk of Court also failed to issue an order to show cause why the complaint against the defaulted party should not be dismissed after 30 days of the entry of default. See Local Civ. R. 55.1. Accordingly, the Court allowed Plaintiff to proceed with his motion for default judgment.

adjudicated,[3] and to provide Plaintiff Villa additional time to substitute in the proper party.[4]  (Doc. No. 74.)  The Court has since adjudicated the claims of the remaining defendants—dismissing the RICO charges pursuant to Rule 56—and ordered Plaintiffs to file either a motion for default judgment as to Lusby—after the proper party has been substituted—or file a voluntary dismissal of Lusby.  (Doc. No. 99.)  Plaintiffs have elected to pursue their claims against Lusby.

On October 2, 2012, Plaintiff Villa filed a motion for an extension of time and concurrently filed a Statement Noting the Death of Defendant Michael Lusby.  (Doc. No. 100-2.)  On October 3, 2012, the Court granted Plaintiffs' request for an extension and Plaintiff Villa's motion for substitution of Defendant Lusby is currently before the Court.[5]  (Doc. No. 103.)

### *DISCUSSION*

Federal Rule of Civil Procedure 25 governs a motion for substitution and a notice of death.  The Rule provides:

> (a) Death
> (1) Substitution if the Claim is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> ...
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a).

The rule requires two affirmative steps in order to trigger the running of the 90–day period. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record." *Id.* (citing *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir.1985);

---

[3] The Ninth Circuit has held that where defendants are similarly situated, it would be improper for judgment to be entered against the defaulting defendant until the matter has been adjudicated in regard to all of the defendants. *See In re First T.D. & Inc., Inc.,* 253 F.3d 520, 532 (9th Cir. 2001).

[4] Plaintiff Villa's motion for default judgment indicated that Lusby was deceased but did not provide any documents to show that Lusby had passed away, when he passed away, or that his personal representative had been substituted in as a party.  Based on a public records searched performed by Plaintiffs' current counsel, Lusby passed away on March 26, 2011.  (Doc. No. 105-2 ¶ 10.)

[5] Plaintiff Villa must substitute Defendant Lusby who another party before properly proceeding with a motion for default judgment.

*Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990)). "Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233; Fed.R.Civ.P. 25(a).

Here, Plaintiff filed the notice of suggestion of death on October 1, 2012. (Doc. No. 101.) Although the notice did not identify the successor or representative who may be substituted for the decedent, many courts in the Ninth Circuit do not require such identification. *See Jackson v. Rowlett*, No. CIV S–04–0741 DFL DAD P, 2007 WL 397114, at *1, 2007 U.S. Dist. LEXIS 11300, at *2 (E.D. Cal. Jan. 31, 2007) ("Rule 25's sole requirement concerning the content of a suggestion of death on the record is that it must contain 'a statement of the fact of the death.' "). Moreover, Plaintiffs served copies of the motion to substitute party Defendant Michel Lusby, the memorandum of points and authorities in support of the motion, the documents supporting the motion, and the statement noting and suggesting the death of Defendant Michael Lusby on Defendant Lusby's successor, Michael Lusby, at 2427 Catalina Cir, Unit 568, Oceanside, California 92056. Service was personally executed on November 2, 2012.[6] (Doc. No. 106.)

## *CONCLUSION*

Accordingly, the Court finds Plaintiffs have complied with the requirements of Rule 25 and Michael Lusby, son of deceased Defendant Michael Lusby should be substituted as a party Defendant in this case. The Clerk of Court is instructed to update the docket accordingly.

**IT IS SO ORDERED**.

DATED: November 27, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[6] *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV–F–97–5044, 2002 U.S. Dist. LEXIS 15872, 2002 WL 32388132 at *2 (E.D. Cal. June 3 2002) (finding courts regularly substitute executors, administrators, or distributees of distributed estates as proper parties for substitution of a deceased party under Rule 25(a)).