UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VILLA; VILLA REALTY, INC. d.b.a., ACCION MORTGAGE; PATRICIA VILLA; and ACCLAIM FINANCIAL SERVICES, INC.,<br><br>Plaintiff,<br>v.<br><br>GRETCHEN HELLAR; WILILAM HELLAR; DIANE HELLAR; HELLAR CHARITABLE REMAINDER TRUST; STEPHANIE RUIZ; MICHAEL LUSBY; COLLIN COOK; AMERICAN CONTRACTORS INDEMNITY COMPANY; AND DOES 1-7,<br><br>Defendants. | Civil No. 10cv1885 AJB (WMC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE THE SUBSTITUTION OF MICHAEL LUSBY AS A PARTY DEFENDANT<br><br>(Doc. No. 110) |

Presently before the Court is Michael Lusby's ("Lusby") motion to vacate the Court's November 27, 2012 order granting Plaintiff's motion to substitute Lusby as a party Defendant. (Doc. No. 108, 110.) Lusby was substituted as a Defendant in place of his father, Michael Lusby ("Deceased"), who was originally named in the Complaint, but passed away in March 2011. Plaintiffs filed an opposition to the motion on January 2, 2013, (Doc. No. 114), and Lusby filed a reply on January 24, 2013, (Doc. No. 116). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for February 14, 2013, is hereby vacated. For the reasons set forth below, the Court **DENIES** Lusby's motion to vacate the substitution of party, and provides further instructions for both parties to facilitate a speedy, just, and final determination of this matter.

## *BACKGROUND*

This case has a long and convoluted history. Originally filed in September 2010, the original complaint alleged RICO violations against the various Defendants, contending Defendants engaged in an illegal scheme to invest money in Plaintiffs' licensed mortgage firm, and pursued false claims in state court and with the California Department of Corporations.[1] Currently all but one Defendant—the Deceased—has been dismissed from the action by way of voluntary dismissal or following adjudication on the merits of the claims.[2]

Although the background of this case has been throughly outlined by the Court on numerous occasions, because Lusby is a newly substituted party Defendant, the Court highlights the relevant procedural history. The clerk entered default against the Deceased on November 2, 2010, (Doc. No. 24), and Plaintiffs filed a motion for default judgment against the Deceased on October 16, 2011, (Doc. No. 68). On December 2, 2011, the Court denied Plaintiffs' motion for default judgment without prejudice, finding Plaintiffs were required to substitute in a proper party for the Deceased before proceeding, and nonetheless, the motion was premature because the resolution of Plaintiffs' claims against the Deceased was necessarily contingent on the resolution of the remaining claims against the remaining defendants. (Doc. No. 74.) Thereafter, on August 7, 2012, the Court granted summary judgment in favor of Defendant William Hellar, thereby dismissing all claims alleged against him. (Doc. No. 95.) On August 24, 2012, the remaining Defendants, excluding the Deceased, were dismissed with prejudice. (Doc. No. 98.) Thus, as of the Court's order granting summary judgment in favor of

---

[1] This action was originally set before the Honorable Michael M. Anello, and transferred to this Court on March 14, 2011. (Doc. No. 42.) The Complaint was filed by Plaintiffs William Villa, Villa Realty, Inc., dba Accion Mortgage, Patricia Villa, and Acclaim Financial Services, Inc. ("AFSI") (collectively, "Plaitniffs"), against Defendants Gretchen Hellar, William Hellar, Diane Hellar, Hellar Charitable Remainder Trust, Stephanie Ruiz, Michael Lusby, Collin Cook, American Contractors Indemnity Company ("ACIC"), and Does 1 through 7 (collectively, "Defendants"). (Doc. No. 1) Does 1 through 7 were identified as Defendants Lanak & Hanna, P.C., Peter Carman, Adam Pessin, Randy Rinicella, William Whamond, Jeannie Kim, and Rajat Bhasin. (Compl. ¶¶ 11, 13.)

[2] On June 7, 2011, the Court granted a motion to dismiss filed by Defendants Cook, ACIC, Carman, Pessin, Rinicella, Whamond, Kim, Bhasin, and Lanak & Hanna; *sua sponte* dismissed certain claims against Defendants Michael Lusby, Gretchen Hellar, William Hellar, and Diane Hellar, Hellar Charitable Remainder Trust; and denied moving Defendants' motion for sanctions. (Doc. No. 52.) On August 7, 2012, the Court granted Defendant William Hellar's motion for summary judgment as to the remaining RICO claim, (Doc. No. 95), and on August 24, 2012, the Court granted the parties joint motion for voluntary dismissal with prejudice as to Defendants Gretchen Hellar, Diana Hellar, Hellar Charitable Remainder Trust and Stephanie Ruiz. (Doc. No. 98.)

Defendant Hellar, the only remaining claim against the Deceased is a RICO violation alleging he materially assisted the Hellars in preparing and filing false, misleading, and/or untrue claims with the San Diego District Attorney, the San Diego Sheriff, and the California Department of Corporations. (Doc. No. 52 at 18:14-17.)

On October 2, 2012, Plaintiffs filed the notice of suggestion of death with regard to the Deceased, (Doc. No. 101), and on October 29, 2012, Plaintiffs filed a motion to substitute Lusby as a party defendant in place of the Deceased, (Doc. No. 105). The Court set a hearing on the motion for December 14, 2012, and ordered that any opposition to the motion must be filed no later than November 19, 2012. (Doc. No. 107.) Lusby did not file written objections to the motion, and the Court granted the motion on November 27, 2012. (Doc. No. 108.) Lusby was personally served with a copy of the motion and all documents filed in support therein. (Dc. No. 106.) Lusby filed the instant motion to vacate the substitution of party on December 17, 2012. (Doc. No. 110.)

### *DISCUSSION*

Lusby argues the Court's November 27, 2012 order substituting him as a party defendant should be vacated pursuant to Federal Rules of Civil Procedure 60(b). Specifically, Lusby alleges his failure to oppose the motion was based on: (1) mistake, inadvertence, or excusable neglect; and/or (2) misrepresentations by Plaintiffs' counsel that Lusby only had to appear at the December 14, 2012 hearing to oppose the motion. Lusby further argues that the Court should grant the motion and dismiss the action because Plaintiffs only seeks punitive damages against the Deceased, and punitive damages are not recoverable from a successor in interest. Plaintiffs argue the motion should be denied because: 1) Lusby does not contest that he was personally served with the motion on November 2, 2012; 2) his failure to respond was not based on excusable neglect; 3) Plaintiffs' counsel never provided Lusby with legal advice pertaining to when and how to object to the motion, 4) and the claim is cognizable against Lusby because the Complaint seeks actual damages against the Deceased.

Rule 60(b) provides for reconsideration of a "final judgment, order, or proceeding" only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The determination

of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). To determine whether neglect is excusable, a court must consider at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); accord *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Nevertheless, "application of Rule 60(b) is committed to the discretion of the district courts." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

Here, although the Court finds Plaintiffs will not be prejudiced by setting aside the order substituting Lusby as a party defendant, and Lusby acted in good faith in seeking to oppose the instant motion—regardless of whether he relied on an alleged misrepresentation by Plaintiffs' counsel—the Court also determines Lusby is nonetheless a proper party. Therefore, the Court finds vacating the Court's November 27, 2012 order will only further delay a final resolution of this matter. Accordingly, the Court denies Lusby's motion to vacate the order substituting him as a party defendant in place of the Deceased. (Doc. No. 110.)

Moving forward however, Plaintiffs and Plaintiffs' counsel should be cognizant that the only remaining claim against Lusby, in his representative capacity, is a RICO violation alleging that the Deceased materially assisted the Hellars in preparing and filing false, misleading, and/or untrue claims with the San Diego District Attorney, the San Diego Sheriff, and the California Department of Corporations. Thus, in light of the Court's prior order granting summary judgment in favor of Defendant Hellar on the RICO allegation, (Doc. No. 95), and the Court's previous admonishment that "the facts surrounding the RICO claim against the Hellars and Lusby are the same," (Doc. No 74 at 4:10-11), Plaintiffs should carefully consider the merits of filing a motion for default judgment against Lusby before electing to do so. In the event Plaintiffs elect to proceed with an application for default judgment against Lusby, and the Court denies the motion finding the underlying claim(s) lack merit based on the Court's previous orders, the Court will entertain a motion for sanctions pursuant to Rule 11.

## *CONCLUSION*

Accordingly, for the reasons set forth above, the Court **DENIES** Lusby's motion to vacate the Court's November 27, 2012 order substituting him as a party defendant in place of the Deceased. (Doc. No. 110.) Plaintiffs are hereby ordered to file a notice of voluntary dismissal or application for default judgment against Lusby no later than **February 25, 2013.** Failure to do so will result in the Court dismissing Lusby and closing the case.

**IT IS SO ORDERED**.

DATED: January 28, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge